# MEMORANDA.

No. 93—2207. William B. White v. Thomas Mackin. A bill in chancery to enforce a mechanic's lien upon a certain building. Complainant claimed that there was due him $1,166.67. On the hearing, upon pleadings and proofs, the court found due complainant $672.24 (which was the amount certified to be due by the architect). The work was done under a written contract which incorporated certain plans, specifications and drawings, was signed by both parties, and by it the architect was selected and it was agreed that the performance of the contract on the part of complainant should be to the full and complete satisfaction of said architect, and defendant's undertaking to pay for the work, etc., was upon the condition that said superintendent should certify in writing that complainant was entitled thereto. The question in dispute was in regard to certain tinning. The architect claimed that it was expressed and included in the specifications. Complainant thought it was not and refused to do it, and defendant employed another mechanic to do it, paying him a reasonable price therefor. The architect deducted the amount paid for the tinning and gave his certificate for the remainder. The court is unable to say that the architect misconstrued the contract, and the decree is affirmed. Opinion PER CURIAM. Judge below, GEORGE GARDNER. Attorneys, for appellant, Messrs. GARY, CODY & GARY ; for appellee, Mr. ROBERT HERVEY. Opinion filed Jan. 6, 1886.

No. 96—2210. The Union National Bank v. James M. Flower et al. This was *indebitatus assumpsit*, brought in the court below by appellees against the bank, appellant, to recover for services as attorneys, performed by the former, for and at the request of the latter. There was a trial of issues joined resulting in a verdict and judgment in favor of